## MONROE v. MONROE.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

RES JUDICATA—DENIAL OF MOTION TO OPEN DEFAULT.

Where a motion by a wife to open a default in an action by her husband' for divorce is denied on the merits, such decision is not a bar to an action by· the wife to set aside the decree on account of fraud.

Appeal from special term Monroe county.

Action by Alice L. Monroe against George H. Monroe to set aside a, decree of divorce. From an interlocutory judgment sustaining plaintiff's demurrer, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ..

W. Martin Jones, for appellant.

George D. Reed, for respondent.

MACOMBER, J. This action is brought to set aside a judgment of' divorce obtained by default against the plaintiff, upon allegations that the same was procured through fraud, duress, undue influence, and coercion. Sundry defenses are set up in the defendant's answer, the sixth of which is. is to the effect that the plaintiff made a motion upon affidavits in the original action brought for divorce by the husband against the wife, and the same was heard at the special term, and was denied upon the merits of the affidavits; and that such proceedings and decision at special term were a bar to the maintenance of this action. The plaintiff demurred to. this defense, under section 494 of the Code of Civil Procedure. The remedy, if any, which the plaintiff had against this plea in bar of the further maintenance of the action is by demurrer. Goodman v. Robb, 41 Hun, 605. We think that the motion made at the special term is. not a bar to this action, but was only a bar to another motion for the same purpose, without having procured leave to renew the same. If there formerly existed any doubt about this proposition, it was effectually settled by the decision in the case of Blank v. Blank, 107 N. Y. 95, 13 N. E. Rep. 615. In that case the husband brought an action against the wife to set aside the marriage, and induced her to abstain. from appearing or defending the action, informing her that she was liable to be prosecuted for bigamy, thus operating upon her fears, etc. After the decree annulling the marriage had been entered, the wife made a.

motion at special term to open the default, and for leave to' defend the action, upon the ground that she had been misled, coerced, and deceived in omitting timely to appear and defend therein. This motion was denied, upon the merits. Subsequently the wife brought an action to set aside the decree on account of fraud and intimidation, and the husband pleaded the original judgment and the motion at the special term and the decision therein in bar, and upon the trial of the case the special term held the same to be a bar. This judgment having been sustained at the general term by a divided court, an appeal was taken to the court of appeals, where it was reversed, the court there holding that neither the original judgment nor the motion made at the special term was a bar to the maintenance of the action by the wife to set aside the original judgment for fraud and deceit. We deem this authority decisive of this appeal. If there be anything in the proceedings before the special term which bears upon other matters pertaining to the defense, such as procrastination of the plaintiff in bringing this action, and the like, there is nothing in this decision which will prevent the defendant from doing so, for all that we decide upon this appeal is that such proceedings and decision of the special term should not constitute a bar to the maintenance of this action. The interlocutory judgment appealed from should be affirmed, with costs. All concur.